STATE OF WEST VIRGINIA

*In re* A.B.

**FILED**

**February 23, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 17-0891 (Roane County 16-JA-51)

## MEMORANDUM DECISION

Petitioner Mother, A.R., by counsel D. Kyle Moore, appeals the Circuit Court of Roane County's September 5, 2017, order terminating her parental rights to A.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Erica Brannon Gunn, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period and terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On December 1, 2016, the guardian for the child filed a petition alleging petitioner had a chronic substance abuse problem that impaired her ability to properly care for the child and previously led to the involuntary termination of her parental rights to two older children. The petition further alleged that petitioner received inpatient drug treatment four times, but continued to abuse drugs, and that petitioner was incarcerated in June of 2016 when she tested positive for methamphetamine in violation of her probation stemming from a child neglect charge. Finally, the petition alleged that the child had been exposed to domestic violence between his parents, with petitioner being the primary aggressor.

On December 6, 2016, the circuit court held a preliminary hearing. At that time, petitioner was in a residential drug treatment program in Beckley, West Virginia. The circuit court granted petitioner supervised visitation with the child, subject to petitioner completing the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

residential drug treatment program, her participation in random drug screens, and approval by the child's therapist. On January 30, 2017, the circuit court held an adjudicatory hearing. Petitioner stipulated to chronic substance abuse and domestic violence between her and the child's father. Accordingly, the circuit court adjudicated petitioner as an abusing parent.

On August 31, 2017, the circuit court held a dispositional hearing wherein petitioner appeared by telephone. Petitioner admitted that she participated in services but only submitted to three drug screens during the pendency of the case. Petitioner blamed the DHHR for the delay in setting up drug screens, but also admitted that she failed to provide the DHHR with her work schedule so that drug screens could be scheduled. She further admitted that of the three screens, one was positive for methamphetamine and that she had marijuana in her system at the time of the dispositional hearing. A caseworker testified that petitioner participated in parenting and adult life skills classes, but failed to comply with drug screens. The circuit court found that petitioner had a chronic drug abuse problem which led to the involuntary termination of her parental rights to two older children and that petitioner failed to respond to treatment efforts. The circuit court further cited petitioner's psychological examination, which found her prognosis for improved parenting to be "extremely poor to nonexistent." Finally, the circuit court found no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination was in the child's best interests. Ultimately, the circuit court terminated her parental rights in its September 5, 2017, order.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

First, petitioner argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period. Petitioner argues that the DHHR did not make reasonable

---

[2]The father's parental rights were also terminated. According to the guardian and the DHHR, the child is placed in a foster home with a permanency plan of adoption in that home.

efforts to reunify her with her child as they delayed setting up drug screens and did not make efforts to place her and the child into any therapy. Pursuant to West Virginia Code § 49-4-604(b)(7)(C), the DHHR was not required to make reasonable efforts to preserve the family due to the involuntary termination of petitioner's parental rights to two older children. Nevertheless, the DHHR provided petitioner with services including drug screens, visitation with the child, and parenting classes, with which petitioner did not fully comply. Moreover, West Virginia Code § 49-4-610(2)(B) provides that in order to be granted a post-adjudicatory improvement period, the parent must "demonstrate[ ], by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period."

Here, petitioner was offered services throughout the proceedings, but failed to comply with consistent drug screens. Petitioner attempted to blame the DHHR for the delay in setting up drug screens, but also admitted at the dispositional hearing that she failed to give service providers her work schedule so that the screens could be set up. Despite having completed four drug treatment programs, petitioner admitted to having a positive drug screen for methamphetamine during the proceedings and admitted to having marijuana in her system on the day of the dispositional hearing. Due to her continued drug use and failure to comply with services, petitioner failed to meet the burden to receive a post-adjudicatory improvement period. Therefore, we find no error in the circuit court's denial of petitioner's motion for a post-adjudicatory improvement period.

Next, petitioner argues that the circuit court should have employed a less-restrictive alternative than termination of her parental rights because the DHHR did not make reasonable efforts to reunify her with her child. We disagree. As noted above, the DHHR was not required to make reasonable efforts to preserve the family under these circumstances. Further, West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]"

We have also held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011).

As discussed above, the DHHR provided petitioner services, although she failed to comply with consistent drug screens and continued to use drugs throughout the proceedings. Further, due to her failure to drug screen, petitioner was unable to visit with the child. Ultimately, the circuit court found that termination of petitioner's parental rights was the least-restrictive disposition because there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and termination was necessary for the child's welfare. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon such findings. Accordingly, we find no error in the circuit court's decision to terminate petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 5, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  February 23, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

4